# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZACHARY FRIDLINE, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BOTTOM LINE CONCEPTS, LLC<br><br>Defendant. | CIVIL ACTION FILE NO. 4:23-CV-1193<br><br>**COMPLAINT – CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Zachary Fridline ("Plaintiff") (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. This case involves a campaign by Bottom Line Concepts, LLC ("Bottom Line") to market its services through the use of pre-recorded telemarketing calls in violation of the TCPA.

3. Because these calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff sues on behalf of a proposed nationwide class of other persons who received similar calls.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## PARTIES

5. Plaintiff Zachary Fridline is a resident of this District.

6. Defendant Bottom Line Concepts, LLC is a Florida limited liability company.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

8. This Court has jurisdiction over Bottom Line Company because its principal place of business in this District.

9. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because as calls were made or organized from this District.

**BACKGROUND**

Calls Made Using a Pre-Recorded Message

10.     The TCPA regulates, among other things, the use of a pre-recorded message to make calls or send pre-recorded calls.  *See* 47 U.S.C. § 227, *et seq.*; *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Report and Order*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

11.     Specifically, the TCPA prohibits the use of a pre-recorded message to a wireless number in the absence of an emergency or the prior express written consent of the called party. *See* 47 U.S.C.  § 227(b)(1)(A)(iii); 47 C.F.R. § 64.1200(a)(2); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1831 (F.C.C. 2012).

12.     "[T]elemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person."  47 C.F.R. § 64.1200(f)(12).

13.     "[P]rior express written consent means an agreement, in writing, bearing the signature of the person called that clearly authorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered."  47 C.F.R. § 64.1200(f)(8).

## FACTUAL ALLEGATIONS

14. Defendant Bottom Line is a "person" as the term is defined by 47 U.S.C. § 153(39).

15. At no point have the Plaintiff sought out or solicited information regarding Defendant's services prior to receiving the pre-recorded call at issue.

Call to Plaintiff

16. Mr. Fridline's cellular telephone number is (570)-XXX-1007.

17. Fridline has no prior relationship with the Defendant and did not consent to receive calls from them.

18. Despite that, Mr. Fridline received a pre-recorded telemarketing call from the Defendant on at least April 28, May 31 and June 1, 2023.

19. The calls played a pre-recorded message. On the April 28, 2023 call the following pre-recorded message played:

> Exciting news. Debit has an urgent notice regarding your grant applications that can provide funding of up to $26,000 per employee for your business. We don't want you to miss out on this opportunity. So please call us back now at 6507021059 to speak with a specialist who can guide you through the application process and help you secure this free grant. This may be your last chance to receive this funding. So don't wait again. That's 6507021059 to get connected with a specialist act now to secure your business's financial future.

20. The call was clearly pre-recorded because (a) there was a pause before the recording played and the robot started speaking (b) the robot had a generic monotone voice.

21. The pre-recorded message did not identify the caller.

22. The Plaintiff called back the number identified and the caller identified themselves as the Defendant.

23. The Plaintiff then sent Bottom Line Concepts a letter about the call.

24. Bottom Line Concepts did not deny the calling conduct.

25. Instead, Bottom Line Concepts made more pre-recorded calls to the Plaintiff.

26. The pre-recorded message from the other calls stated that it was "Faith from ERC Concepts".

27. All of the recorded messages were the same.

28. The calls were clearly pre-recorded because (a) there was a significant pause after the Plaintiff picked up the phone before the robot started speaking (b) the recording would keep play when the call recipient began talking (c) the robot had a generic monotone voice.

29. During the June 1, 2023 call, the Plaintiff went through the recorded message and then spoke to a live person.

30. The caller confirmed that they were calling for Bottom Line Concepts.

31. Prior to filing this action, the Plaintiff contacted the Defendant about the pre-recorded calls.

32. The Defendant did not deny making the pre-recorded call or otherwise respond.

33. Indeed, Bottom Line Concepts has previously been sued for making pre-recorded calls in violation of the TCPA.

34. Other individuals have made similar complaints through the Better Business Bureau:

> Grand Traverse Distillery is receiving at least 3 to 5 calls a week for months from Bottom Line. We have told them we are not interested and take us off their call list. They will not.Our staff is worn out answering their calls but their reps continue to call. I went to their web site to look for a do not call list and there is not one, No way to get them to stop.FCC should get involved with this company

Bottomline Concepts has been using a third party advertiser to repeatedly call my cell phone, even though it is on the Do Not Call list, and I have asked them to stop multiple times. They are trying to sell me some kind of ERC service. I actually have this last call recorded, and the rep clearly states that he works for Bottomline Concepts. I attempted to reach out to the company to address the matter, but have been ignored. At this point, I need to speak to the company's ATTORNEY or LEGAL REPRESENTATION to resolve the issue. If that does not happen in a timely manner, I will be pursuing significant legal action against the company. They need to understand that even if they are using a third party to make these calls, the law clearly states that they are still responsible for them. Hopefully we can get this resolved before I am forced to take legal action.

*See* https://www.bbb.org/us/fl/north-miami-beach/profile/business-consultant/bottom-line-concepts-llc-0633-92026597/complaints (Last Visited July 12, 2023).

35. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

37. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> **TCPA Robocall Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) from four years prior to the complaint through trial (4) using an identical or substantially similar pre-recorded message used to place telephone calls to Plaintiff.

38. Plaintiff is a member of and will fairly and adequately represent and protect the interests of this classes as he has no interests that conflict with any of the class members.

39. Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

40. Plaintiff and all members of the Class have been harmed by the acts of the Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

41. This Class Action Complaint seeks injunctive relief and money damages.

42. The Class as defined above is identifiable through the Defendant's dialer records, other phone records, and phone number databases.

43. Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds based on the fact that recorded messages were used to send the calls.

44. The joinder of all Class members is impracticable due to the size of the Class and relatively modest value of each individual claim.

45. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

46. There are numerous questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) Whether the Defendant used pre-recorded message to send telemarketing calls;

    (b) whether Defendant made calls to Plaintiff and members of the Class without first obtaining prior express written consent to make the calls;

    (c) whether Defendant's conduct constitutes a violation of the TCPA; and

    (d) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

47. Further, Plaintiff will fairly and adequately represent and protect the interests of the Class. Plaintiff has no interests which are antagonistic to any member of the Class.

48. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class, and have the financial resources to do so.

49. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.

50. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

**FIRST CAUSE OF ACTION**
**Violation of the Telephone Consumer Protection Act**
**47 U.S.C. 227(b) on behalf of the Robocall Class**

51. Plaintiff incorporates the allegations in the prior paragraphs as if fully set forth herein.

52. The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple

violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Class delivering pre-recorded messages.

53. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. If the Defendant's conduct is found to be knowing or willful, the Plaintiff and members of the Class are entitled to an award of up to treble damages.

55. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, using a pre-record message in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation; and

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing a Class the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

D.      Such other relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the complaint so triable.

PLAINTIFF,
By his attorneys

*/s/ Jeremy C. Jackson*
Jeremy C. Jackson (PA Bar No. 321557)
BOWER LAW ASSOCIATES, PLLC
403 S. Allen St., Suite 210
State College, PA 16801
Tel.: 814-234-2626
jjackson@bower-law.com

Anthony I. Paronich (*subject to pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com